JOHN P. PERSCH, Appellant, *v.* J. WESLEY ALLISON, Respondent, Impleaded with Another.

*Complaint — ordered made more definite and certain.*

The complaint in an action brought to rescind a contract, upon the ground that the plaintiff was induced to enter into the contract by false representations, alleged that the defendant Allison agreed to assign and transfer to the plaintiff his right, title and interest in a license of a certain corporation, to use and operate automatic telephone exchanges for the State of Pennsylvania. A copy of the contract was attached to the complaint and together therewith a list of forty patents controlled by said corporation.

It further alleged that the license issued by the said corporation was worthless and that said corporation was not the owner or licensee of said patents necessary to operate, license and use automatic telephone exchanges, and that said Allison possessed no right, title or interest in said exchange or company which could be utilized.

*Held,* that an order requiring the plaintiff to specify what patents were referred to was proper, it not being asserted that none of them were owned or controlled by the corporation, but that it did not own or control those necessary to operate, license and use automatic telephone exchanges ; also that the defendant was entitled to know what the plaintiff meant or referred to by the use of the word " utilized."

APPEAL by the plaintiff, John P. Persch, from an order of the Supreme Court, granted at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 27th day of December, 1894, directing that the complaint be made more definite and certain.

*Hugh Hirsh,* for the appellant.

*George Zabriskie,* for the respondent.

BROWN, P. J. :

This action was brought to obtain a judgment rescinding a contract between the parties and to obtain the return of certain notes and money delivered to the defendant under the contract and to recover damages.

A copy of the agreement was attached to the complaint. By it the defendant Allison agreed to assign and transfer to the plaintiff his right, title and interest in a license of the Strowger Automatic

Telephone Company, for the State of Pennsylvania. A copy of the license was attached to the agreement with a list of forty patents controlled by said company.

The complaint alleged that the plaintiff was induced to enter into said agreement by the representations of the defendant that said company was the " owner, licensee, patentee, and had control of the necessary patents to use and operate automatic telephone exchanges by automatic switch boards without the use of central offices, * * * and that no other person or persons, corporation or corporations, had received or purchased or were then the owners or controlled the right to the exclusive use and operation of said automatic telephone system for the State of Pennsylvania, but * * * that said license * * * conveyed said sole and exclusive right to use and operate and license said telephone exchange in the State of Pennsylvania."

It further alleged in the sixth paragraph that all of said representations so made by the defendant Allison to the plaintiff were false and untrue ; that the license issued by the said company to the said defendant, J. Wesley Allison, was worthless, as the said company had no right, title or power to grant said license ; that it was not the owner or licensee of said patents necessary to operate, license and use automatic telephone exchanges in the manner hereinbefore described, and that said Allison possessed no right, title or interest in said exchange or company which could be utilized ; that on or about the 1st day of August, 1893, and previous to the execution of said license, the said company entered into an agreement with one Cassius M. Upton, in and by which it agreed to sell and deliver to him a license and to convey to him, by a good and sufficient deed, the sole and exclusive right to use, operate and license automatic telephone exchanges in the States of Pennsylvania, New Jersey, Ohio and Michigan, and that the said Upton fully complied with the conditions of said agreement, but that said company failed to comply with the said agreement, and that an action was then pending in a court of competent jurisdiction, brought by said Upton against the said company for a specific performance of said contract.

We are of the opinion that the order appealed from was properly granted. It required plaintiff to specify what patents are referred to in the sixth paragraph of the complaint. The list attached to

the agreement enumerates forty patents by number and date. It is not asserted that none of them were owned or controlled by the company, but that it did not own or control those "necessary to operate, license and use automatic telephone exchanges." The defendant is entitled to know which ones in the list are referred to.

Again, the allegation that the defendant possessed no right, title or interest in said exchange or company that could be utilized is very indefinite. The defendant is entitled to know what the plaintiff means or refers to by the word "utilized." Whether he intended to claim that the patents were worthless or impracticable, and, if so, whether the claim referred to all or only a part of those named in the list, or whether the claim was that the defendant's interest in the patents was of such a meager character that its assignment to the plaintiff would not transfer to him a right which he could use in a practical way or manner.

The allegation in the seventh paragraph, that the company had failed to comply with its agreement with Upton, would appear to be unnecessary to the plaintiff's cause of action, but, if it is to remain in the complaint, it should be made sufficiently definite for the defendant to know what facts he will be called upon to meet at the trial.

The plaintiff may, however, elect to strike out that part of the seventh paragraph, and he should have permission to omit it from the amended complaint.

With this modification the order should be affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Order modified so as to permit plaintiff to amend his complaint, as indicated in the opinion, and as modified affirmed, with ten dollars costs and disbursements.